## FOX *vs.* RUCKER.

1. A plasterer is not entitled to the lien for his work, materials furnished, etc., given to masons and carpenters by the Act of 22d December, 1834, and made general by the Act of December, 1838.

Complaint, in Taylor Superior Court. Tried before Judge WORRILL, at November Term, 1859.

Fox was employed by Rucker to lath and plaster a house. After the work was done, the parties came to a settlement, and after deducting payments made, Rucker fell in debt to Fox $256 35, for which he gave his note, specifying therein that the amount was due Fox for plastering. Fox recorded a lien on the house and lot on which it stood, and afterwards brought suit for the purpose of enforcing the lien. It was proved on the trial that the work for which the note was given, was done by Fox and a man named Hilton, hired by Fox to assist him, and that Hilton was an excellent brick-mason, but that Fox was a plasterer only, and had no skill

in brick-laying. It was further proved that lathing and plastering a house is no part of the work of a brick-mason or carpenter.

The Court charged the jury, in substance, that the plaintiff was not entitled to a lien on the house and lot, if they believed that lathing and plastering is, by the custom of mechanics, the work of a plasterer and not the work of a carpenter; that in no event could he have a lien for the plastering; but if the jury believed lathing was, by the custom of mechanics, a part of the work of a carpenter, they might enforce the lien for the value of the lathing.

The jury returned a verdict for the amount of plaintiff's demand, but found that he was not entitled to any lien on the house and lot. Whereupon, counsel for plaintiff filed their bill of exceptions, alleging that the charge of the Court is erroneous.

GRICE & WALLACE, and D. W. MILLER, for plaintiff in error.

MARK H. BLANDFORD and W. P. EDWARDS, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

The only question in this case is this: Whether a plasterer is entitled to the benefit of the provisions of "An Act to give masons and carpenters an incumbrance for debts due on account of work done and materials furnished," etc., of Dec. 22d, 1834, and made general by Act of Dec. 28, 1838? The first section of the Act provides, that "All debts which may hereafter become due to any mason or carpenter in the counties of Richmond, etc., for work done, or materials furnished for building or repairing any house, in all cases, when said mason or carpenter shall not have taken personal security for said debts, shall constitute and be an incumbrance on such house and the premises to which it shall be attached, superior in dignity and of higher claim than any other incumbrance whatever, no matter of what nature or sort the same may be, and without regard to the date of such other incumbrance:" *Cobb,* 555.

It was in proof that a plasterer is neither a mason or carpenter, but that his trade is a distinct one from either. A ma-

Fox *vs.* Rucker.

son is one whose occupation is to lay bricks and stones, or to construct the walls of buildings, chimneys and the like, which consists of bricks and stones.

A carpenter is one who works in timber—a framer and builder of houses.

A plasterer is one that overlays with plaster; and these definitions, taken from Webster, are the usual and ordinary significations of the terme.   It is clear, then, that the plasterer is not within the letter of the law.   Is he within the intention, and if so, can the Court, by construction, extend the operation of the Act to him ?

It is said in the argument for the plaintiff, that the plasterer is in the equity of the statute; that is, the same reasons that induced the Legislature to pass this law, for the benefit of the mason and carpenter, applied with equal force in his favor, and thus he is within the intention.   Now, all this may be admitted, and yet the rule is unchanged.   We can only get at the intention of the Legislature from the Act: *Ezekiel vs. Dixon*, 3 *Kelly*, 152; and there is nothing in the Act itself that would indicate that the Legislature intended to extend the lien to any others than those named.   But how can the Court resort to the intention of the Legislature or to the reason or the spirit of the law, when the law itself is plain, clear and unambiguous ?   But aside from all this, the Act is in derogation of common law and of common right, and must be constructed strictly and extended no farther than its words plainly import:   *Dudley*, 105 ; *Carr vs. Ga. R. R. & B'k Co.*, 1 *Kelly*, 533; *Young vs. McKenzie*, 3 *Kelly*, 38 ; *Mayor vs. Hartridge*, 8 *Ga.*, 23.

Undoubtedly, the plasterer, in justice and equity, is as much entitled to the lien for his protection and security as the mason or carpenter, but he cannot have it without a law, and the law does not reach or include him.

Judgment affirmed.