ANDERSON, executor, *vs.* BAKER.

1. To pass the legal title by the plaintiff in execution, there must be an indorsement or assignment thereof in writing.
2. If it be a suit in trover therefor, and the plaintiff in the trover case seeks to recover from the defendant on the ground that he let defendant have the *fi. fa.* as collateral security to pay a debt he owed him, the burden would be upon the plaintiff in trover, even if he ever had good title, to show that the debt was paid before he could recover.

Title. Contracts. Trover. *Onus probandi.* Before Judge HALL. Rockdale Superior Court. October Adjourned Term, 1877.

Reported in the opinion.

CLARK & PACE, for plaintiff in error.

J. J. FLOYD; A. C. McCALLA, for defendant.

JACKSON, Judge.

Newton Anderson brought trover to recover an execution from Daniel N. Baker. The jury, under the charge of the court, found for the defendant, when the plaintiff moved for a new trial, which was not granted, and the not granting it is the error assigned.

1. It is said that the verdict is contrary to the evidence and the principles of justice and equity. It appears that the execution is in the name of Stephen Mayfield, bearer, and Anderson, executor of Jesse L. Baker, brought trover for it. The misfortune to his case is that he shows no title to the execution. The Code, §2776, declares that judgments and executions are negotiable by indorsement or written assignment. Mayfield does not indorse or assign in writing this execution to Jesse L. Baker, or to Anderson, his executor, so far as the record discloses the evidence; therefore there is no title to the execution in Baker, but it is in Mayfield. How then can the verdict be said to be against the evidence or the principles of justice?

2. But it is urged further, that Jesse L. Baker let the defendant, Daniel N. Baker, have the execution as collateral, and the court charged the jury that before he could recover it, the executor of Jesse L. must show that he had paid the debt Jesse L. owed Daniel N. Baker; and it is insisted in the motion for a new trial that this charge is error. If it were necessary to consider the point, on the idea that the plaintiff had a possessory title to such a paper, we should hold that the charge is right. Daniel N. got the paper from Jesse L., if it ever was his lawfully, for a particular purpose, to secure a certain debt, and before Jesse L., or his representative, could dispossess him of it, the onus is upon Jesse L. and his executor, to show that he converted it to some other purpose, or, in other words, that the debt to pay which it was turned over to Daniel N. had been paid, and that he was wrongfully holding on to it.

So we think, in any view of the case, the law was prop-

erly given to the jury, and they found right; and the judgment is affirmed.