## FLEMING *v.* THE STATE.

1. On the trial of one indicted for the illegal sale of whisky, it was error for the court to charge the jury, in effect, that if the accused had agreed to sell and deliver to another a certain quantity of such liquor at a stated price, and while the accused was in the act of separating this quantity from a bulk of the same article in a barrel he was prevented from carrying out his intention by an officer of the law, and for this reason did not complete a delivery of the liquor, then the jury might infer a delivery of the goods agreed to be sold.

2. The verdict of guilty in this case is contrary to the evidence; the testimony failing to show any sale of whisky as charged in the indictment.

Argued December 19, 1898. — Decided January 31, 1899.

Indictment for selling liquor. Before Judge Reese. Hart superior court. October 18, 1898.

*O. C. Brown* and *A. G. McCurry*, for plaintiff in error.

*R. H. Lewis, solicitor-general*, by *Harrison & Bryan*, contra.

LEWIS, J.    Peter Fleming was tried in the superior court of Hart county, under an indictment charging him with the unlawful sale of spirituous and intoxicating liquors, to wit, whisky. To this indictment he pleaded not guilty.    The evidence in behalf of the State was substantially as follows:    On the 11th of August, 1897, the accused was in Hart county detected in drawing whisky from a barrel into a. gallon pot.    The barrel was located in a wagon.    There were several bystanders present while the accused was engaged in this act of measuring whisky, and one of them had some change in his hand.    A marshal of the town came up while the accused was engaged in this act of drawing whisky, when the bystander put his money in his pocket, and the accused ceased drawing the liquor, and emptied back into the barrel what he had drawn therefrom.    The State's witnesses saw no whisky sold, and saw no money pass to the accused.    The testimony for the accused tended to establish the fact that neither the wagon nor the whisky belonged to him, but to another party who was in the crowd around the wagon at the time the marshal came up ; that the accused had nothing to do with the liquor, and had no authority from its owner to sell the same.    The accused himself stated that he never undertook to sell any liquor; that he had no right to do so, and that he simply went down to the wagon to purchase some for himself.    He was found guilty, and excepts to the judgment overruling his motion for a new trial. , One of the grounds in the motion for a new trial was alleged error in the following charge of the court:    " In this case I charge you that if you believe the· defendant, at the time or on or about the time alleged in this indictment, had liquor for sale, or whisky for sale, that he and anybody agreed upon a price to be paid for a certain quantity of that whisky and the price was agreed to by both parties to it and the parties consented thereto, and that the whisky which in this case was in a bulk condition, and it was necessary to complete the sale of the quantity sold to separate that quantity from the bulk, and the defendant was in the act of separating the quantity of whisky agreed to be sold for which a certain price was agreed to be paid, his intention and purpose at the time being to deliver that quantity of

whisky so agreed to be sold at a price agreed upon, and while· in the act of separating for that purpose he was interrupted from carrying out his intention and purpose by an officer of the law, and that was the reason why he did not complete the delivery, then I charge you that you may infer that there was a delivery of the goods agreed to be sold at an agreed price, if any proof shows that and the consent of the parties was had thereto." There was also exception taken to a refusal by the· trial judge to give in charge a written request of counsel for· accused, substantially to the effect that the above facts would not constitute a sale. The accused also moved· for a new trial on the general grounds that the verdict was contrary to law and evidence.

As a general rule of law, delivery of goods is essential to the· perfection of a sale. Civil Code, § 3545. It is true that the question of delivery is one largely of intention of the parties to the contract, and actual delivery may be dispensed with by agreement of the parties. A variety of instances might be cited· which the law will construe into a constructive delivery of property, and a complete sale thereof might be had without any· actual manual possession of the goods by the vendee; but there· should be some evidence showing such a constructive delivery. The one thing perhaps essential in all cases to a complete sale· of personalty is that the goods must by the vendor be put in a *deliverable* condition, especially in the absence of any agreement to the contrary. Where the article, for instance as in this· case, is in bulk, and particularly where it is liquid stored in a vessel containing a larger quantity than that bargained for, it is absolutely necessary to separate the quantity purchased from the bulk in order to make either a constructive or actual delivery of what was sold. Before this separation is complete, there can be no complete sale. Bishop on Contracts, § 1309. Another element essential to a complete sale of personalty is a relinquishment by the vendor to the vendee of dominion and control of the property sold. The vendor must do all the contract requires of him touching a delivery of the goods, before· the sale thereof is complete. Unquestionably in this case no title to the whisky, which the accused was charged with hav--

·ing sold, had passed from him to anybody.  Neither dominion ·nor.custody of the liquor had.passed from him.  Had by any ‹.casualty the whisky bargained for been destroyed .before there had been a complete separation of it from its bulky condition, ·undoubtedly the loss would have fallen upon the vendor in this case, and not upon the vendee.  Even if the evidence author- ized.the conclusion that there had been a contract of sale, the circumstances manifestly indicated that the parties contem- plated a cash transaction, and that actual delivery should be ·had before the sale was complete.  There was nothing what- ·ever in the testimony authorizing the inference that there could possibly have been any other intention of the parties to the con- .tract.  The testimony simply makes out a case, if any at all, .of an *attempt* by the accused to unlawfully sell whisky, and of .his being intercepted while engaged in preparing the article for ·delivery, and before he had committed the crime with which he is charged.  Even if there is such an offense known to our .law as an *attempt* to illegally sell intoxicating. liquors, the ac- ·cused was neither charged with, nor convicted of, such an of- fense.  For the above reasons we think there was error in the ·charge complained of; and that the verdict was without evi- · dence to sustain it.

<div align="center">

*Judgment reversed.    All the Justices concurring.*