## SCREWS *v.* ANDERSON.

124 361,
126 100|

1. Where one ground of a motion for a new trial alleged that the court erred in refusing to permit two named witnesses to testify "what the whole services of the attorney for defendant in illegality are worth in the case up to date of trial and including the same," without stating what such testimony would have been, or whether the judge was informed of what was expected to be proved, it can not be considered.
2. Nor can a ground be considered which alleges error in the exclusion of a written transfer, without setting out the rejected evidence. Evidence which has been rejected can not properly be included in a brief of the evidence.
3. The transfer of an execution must be in writing in order to put the legal title in the transferee and authorize him to proceed in his own name.
4. Where an execution was levied, and the defendant therein interposed an affidavit of illegality alleging payment, and the jury found that the affidavit of illegality be sustained except as to a certain sum for which the execution should proceed for the benefit of the plaintiff's attorney, it furnished no ground for a new trial on the motion of the plaintiff in fi. fa. that two of the jurors trying the case were her second cousins.

And this is true although the attorney testified that he had been em-
ployed under an agreement by which he was to have one half of the
recovery, and another person, not a party of record, testified that he
had a transfer of the claim from the plaintiff, while she denied both of
these statements.

5. The evidence being conflicting, and the presiding judge having approved
the verdict, this court will not interfere with his judgment on the
ground that the verdict was contrary to the evidence.

6. If parties who should be plaintiffs in error are omitted, they can be
added by amendment to the bill of exceptions filed by one proper plain-
tiff in error.

7. No amendment is necessary in the present case.

Argued October 7,—Decided November 20, 1905.

Affidavit of illegality.   Before Judge Rawlings.   Tattnall supe-
rior court.   June 28, 1905.

A suit was brought by Sarah Screws against J. C. Anderson, and
a judgment was recovered for $236.42 principal, and $203.71 in-
terest to October 4, 1900.   A levy was made on certain property,
and the defendant interposed an affidavit of illegality, alleging that
he had paid off and discharged the fi. fa. except the cost, which he
tendered.   On the trial it appeared, that Mrs. Screws had made a
settlement with Anderson, the defendant in fi. fa.; that the fee of
W. T. Burkhalter, the attorney of record for the plaintiff, had not
been paid, and that he claimed the right to have the execution pro-
ceed for the purpose of collecting such fee, which he claimed was to
be one half of the recovery.   It was also claimed that there had
been an assignment by Mrs. Screws to one Sapp, and that in addi-
tion to proceeding for attorney's fees the fi. fa. should proceed also
for his benefit.   Mrs. Screws admitted that she had settled the
execution with Anderson, who was her nephew.   She denied that
she had ever employed Burkhalter to bring the suit, or made any con-
tract with him.   She admitted that she was very old, being between
eighty and ninety years of age, and that her memory was bad.   She
also admitted that she was present at the trial when the case was
litigated and the judgment obtained.   She denied that she had
authorized Sapp to retain Burkhalter as her attorney, or that she
had transferred the claim to Sapp.   There was conflicting evidence,
some of the witnesses testifying that Sapp had been authorized to
employ Burkhalter and had done so, and that Mrs. Screws ratified
and confirmed the employment and recognized him as her attorney;
also that the contract was that he was to receive one half of the

recovery as a fee. Sapp testified that the suit had been assigned to him. It appears that an effort was made to prove a written assignment, but it was rejected by the court. The jury found the following verdict: "We, the jury, find for the illegality, and direct that the fi. fa. proceed for the benefit of plaintiff's attorney for $75; so say we all." A motion was made for a new trial in the name of Mrs. Screws, which was overruled, and she excepted.

   *W. T. Burkhalter,* by *Z. D. Harrison,* for plaintiff.

   *James K. Hines* and *Isaiah Beasley,* for defendant.

   LUMPKIN, J. (After stating the facts.) 1, 2. A ground of a motion for a new trial, which alleges error on the part of the court in refusing to let two named witnesses state "what the whole services of the attorney for defendant in illegality are worth in the case up to date of trial and including the same," without stating what such testimony would have been, or that the judge was informed of what was expected to be proved, can not be considered. *Grant* v. *Noel,* 118 *Ga.* 258(2); *Freeman & Turner News Co.* v. *Mencken,* 115 *Ga.* 1017. For the like reason, the ground of the motion for a new trial alleging error in the exclusion of a written transfer from Mrs. Screws to Sapp can not be considered, because the evidence excluded is not set out in the motion for a new trial.

   3. The court charged that the transfer of an execution must be in writing in order to put the legal title in the transferee and authorize him to proceed in his own name; and this was clearly correct. Civil Code, §3682; *Anderson* v. *Baker,* 60 *Ga.* 599.

   4. One ground of the motion for a new trial is, because two of the jurors were disqualified by reason of relationship to Mrs. Screws, being her second cousins, and that this was not known to Burkhalter, the attorney, until after the trial. It is not shown that this was not known to his client, either Mrs. Screws, the original plaintiff in fi. fa., or Sapp who claimed to be a transferee of it. The execution was proceeding in the name of Mrs. Screws as a party of record. It is true that the evidence developed the fact that she had made a settlement with the defendant in fi. fa., and the attorney claimed that such settlement did not extinguish the execution or prevent its proceeding. He testified that under his contract of employment he was entitled to one half of the recovery as a fee. She denied that there was such a contract. In addition

to the evidence on this subject, there was also evidence as to the value of services.   Thus, while the attorney claimed to have the execution proceed for his benefit (which he might do for the amount of his fee:   Civil Code, §2814; *Kimbrough* v. *Pitts,* 63 *Ga.* 496), and Sapp claimed to be a transferee, on the face of the record Mrs. Screws was the only party plaintiff, and the case proceeded in her name as such.   A verdict was rendered against the affidavit of illegality to the extent of $75, as the attorney's fee.   In *Wright* v. *Smith,* 104 *Ga.* 174, it is held that "Relationship of a juror within the prohibited degrees to the unsuccessful party in a case, although unknown to such party or his counsel until after verdict, is not sufficient ground for a new trial."   See also *Sikes* v. *State,* 105 *Ga.* 592; *Downing* v. *State,* 114 *Ga.* 30.   If, therefore, the plaintiff is to be considered as the losing party because the affidavit of illegality was sustained in part, these cases would be directly controlling.   If she is to be treated as the successful party because the affidavit of illegality was not sustained in its entirety, a fortiori one in whose favor a verdict is rendered is not in position to complain of having relatives on the jury.   Although the attorney and his client differed in their testimony, yet he was not a party of record, nor can it be said that his client, in whose name alone the case was proceeding, was the opposite party.

5. While the evidence was conflicting, we can not say that the trial court abused his discretion in refusing to set aside the verdict.

6, 7. A motion was made to dismiss the writ of error, but it is without merit.   The only ground which need be mentioned is that neither the attorney nor Sapp was made a party plaintiff in error. Neither of them was a party of record in the court below; and although it was claimed that the fi. fa. should proceed for their benefit, the only parties of record were the plaintiff and defendant in fi. fa.   It was not essential, therefore, to make them plaintiffs in error.   Had it been so, they could have been joined with the original plaintiff in error by amendment to the bill of exceptions. *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 551.

*Judgment affirmed.   All the Justices concur.*