### RUCKER *v.* TABOR & ALMAND *et al.*

ATKINSON, J. A debtor executed a deed to land to secure a debt to a creditor, who gave to the former a bond to reconvey the property upon payment of the debt. The debt was sued to judgment, and a quitclaim deed made by the creditor to the debtor for the purpose of having the property levied upon and sold in pursuance of the statute. Another creditor of the debtor, holding a judgment junior to the security deed, paid off the execution based on the judgment first above mentioned, and had the same transferred to him, under which the property was levied upon and sold. The proceeds of sale were more than sufficient to discharge the debt secured by the security deed. After the date of the security deed, but before the rendition of the junior judgment above mentioned, the debtor transferred in writing the bond for title to another creditor to secure a debt. When the land was about to be sold under execution to satisfy the debt secured by the security deed, the transferee of the bond for title and the holder of the junior judgment filed with the sheriff claims for the money that might be left after paying the debts secured by the deed, each of which creditors claimed to have a right to such fund superior to that of the other. The claims to the money were returned by the sheriff to the city court. *Held,* that the transferee of the bond for title has an adequate remedy at law, in a rule against the sheriff to distribute the fund in the city court; and the judge properly dismissed, on general demurrer, a petition in equity, praying to enjoin the trial of the proceedings in the city court, and to transfer the case to the court of equity, and to have the fund awarded by that court to the claim of the applicant.

*Judgment affirmed. All the Justices concur.*

Argued June 23, 1909.—Decided January 11, 1910.

Equitable petition. Before Judge Worley. Elbert superior court. September 16, 1908.

*Z. B. Rogers,* for plaintiff.     *W. D. Tutt,* for defendants.