### Hardwick & Company *v.* Cash *et al.*

Hill, J. 1. A sheriff who has in his hands, for the purpose of making the money thereon, an execution issued upon a judgment rendered by a court has no authority, upon receiving the amount of the execution from a third person, to transfer the execution to him, so as to enable him to claim thereunder the proceeds of the sale of the property of the defendant in execution, made under the levy of an execution issued upon a prior judgment obtained against him. See Civil Code, § 5969.

2. Accordingly, where a sheriff had in his hands money arising from the sale of personal property sold by virtue of an attachment levied thereon, and a rule was brought against him by a third person, claiming the money as the transferee under an execution older than the attachment, and on the trial it appeared that the third person, claiming the money as transferee, paid to the sheriff the amount due on the prior execution,

and caused the sheriff to transfer it to him, without authority of the plaintiff in execution or of any one authorized by such plaintiff, and the transfer was not ratified by the plaintiff in execution, this amounted to a settlement of the execution and did not transfer it to the third person.

(a) Without express authority, a sheriff can not transfer a fi. fa. in his hands for collection.

3. The undisputed evidence in the case, and the application of the legal principles above announced, demanded a verdict in behalf of the plaintiffs in attachment, and the court erred in refusing a new trial.

4. It is unnecessary to decide the other questions made in the motion for a new trial.  *Judgment reversed. All the Justices concur.* SEPTEMBER 26, 1913.

Money rule.  Before Judge Fite.  Whitfield superior court.  February 5, 1912.

A rule was brought against the sheriff, to distribute money in his hands arising from the sale of certain personal property of Mrs. Mary Evans under an attachment in favor of Hardwick & Co.  J. M. Cash, claiming to be the transferee of an execution in favor of William Barr Dry Goods Co. against Mrs. Mary Evans, claimed a portion of the money in the hands of the sheriff.  Hardwick's attachment issued on June 9, 1908, and was levied on June 10, 1908.  The judgment in favor of William Barr Dry Goods Co. was obtained on November 21, 1907, and execution issued on December 2, 1907.  There is no evidence in the record that the execution was ever entered upon the general execution docket, except the statement by the attorney for Hardwick that the docket showed it had been entered, but no date is given of this entry.  The following receipts appeared upon the execution: "$105.00.  Received of J. H. Gilbert, Sheriff, One Hundred and Five Dollars, full balance, principal and interest due on the within fi. fa., this Feb. 5th, 1909.  J. M. Rudolph, Plaintiff Attorney."  "Georgia, Whitfield County.  Received from J. M. Cash the sum of $153.31, being the remainder due and payment in full of all principal, interest, costs, inclusive of $35.00 paid to F. K. McCutchen for storage, and the within fi. fa. transferred to said J. M. Cash so far as the office of Sheriff authorizes me to transfer same, together with all rights thereunder vested in the original plaintiffs, this being intended to operate as a full receipt in settlement of the within fi. fa.  This February 2nd, 1909.  J. H. Gilbert, Sheriff."  Cash claimed the fund in the hands of the sheriff by virtue of the above transfer to him.  Upon the issue formed upon the rule the jury found in favor

of Cash, transferee of the fi. fa. A motion for a new trial was made by Hardwick & Co., which being overruled, they excepted.

*F. K. McCutchen* and *Maddox, McCamy & Shumate,* for plaintiffs in error. *J. M. Rudolph,* contra.