### 22696. ARNOLD, executrix, *et al.* v. CITIZENS AND SOUTHERN NATIONAL BANK.

SUTTON, J. 1. Before a judgment can be enforced in favor of a party other than the one in whose favor it is rendered, it must be transferred in writing to such person. *Anderson* v. *Baker*, 60 *Ga.* 599; *Jones* v. *Hightower*, 117 *Ga.* 749, 750 (45 S. E. 60); *Screws* v. *Anderson*, 124 *Ga.* 361, 363 (52 S. E. 429); *Colter* v. *Livingston*, 154 *Ga.* 401, 407 (114 S. E. 430).

2. Only the plaintiff, his authorized agent, his attorney at law, or in case of his death the personal representative of the estate of the plaintiff, can make the required affidavit to obtain the summons of garnishment. See Civil Code (1910), §§ 5266, 5267, 5268, 5269.

3. Garnishment proceedings are purely statutory. *Weston* v. *Beverly*, 10 *Ga. App.* 261 (73 S. E. 404). A statutory remedy, in derogation of the common law, must be strictly pursued. *Banks* v. *Darden*, 18 *Ga.* 318, 343; *Tuttle* v. *Walton*, 1 *Ga.* 43, 68; *Fox* v. *Rucker*, 30 *Ga.* 525, 527; *Seaboard Air-Line Ry.* v. *Bishop*, 132 *Ga.* 71, 95 (63 S. E. 1103); *Haralson* v. *Speer*, 1 *Ga. App.* 573 (58 S. E. 142).

4. Under these principles of law, where such garnishment proceedings have been instituted upon the affidavit of an attorney at law, who has no authority to act for the personal representative of the deceased plaintiff in fi. fa., and who is acting in the interest of a creditor of the deceased plaintiff, and the personal representative of the deceased plaintiff in fi. fa. moves to dismiss the garnishment proceedings on the ground that the attorney was acting in the premises without authority, and that she had not authorized the institution of such proceedings, it was error for the court to render a judgment refusing to dismiss the proceedings. See Civil Code (1910), §§ 4959, 4961.

5. The judge of the municipal court was not authorized in this garnishment proceeding to enter a judgment in favor of the bank against Mrs. A. M. Arnold, individually and as executrix of the estate of her deceased husband, for the sums paid to Arnold before his death by the defendant in fi. fa. on the judgment and paid thereon to Mrs. Arnold, as such executrix, after his death.

6. It was error for the court to admit in evidence the notes on which the judgment was rendered, because this was not sufficient to show a legal transfer of the judgment from Arnold to the bank.

7. The plea to the jurisdiction filed by Garner was without merit, and the court properly entered a judgment finding against the same.

8. We do not hold that the attorney of record in the proceedings in which the judgment on the notes was obtained can not, in a proper proceeding for that purpose, enforce the collection of such judgment for the payment of the attorney's fees awarded. Civil Code (1910), § 3364 (2).

9. It follows that the judge of the superior court erred in refusing to sanction and grant the petition for certiorari in this case.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 27, 1933.

*E. F. Goodrum,* for plaintiffs in error.
*Luther U. Bloodworth, R. Douglas Feagin,* contra.