### COOPER *v.* SMITH.

Where property is delivered to the buyer under a contract of conditional sale, the vendor retaining title thereto, the same may be seized under an attachment sued out for the purchase-price, without first filing and having recorded a bill of sale of the property to the buyer; and the bare fact that, before the rendition of judgment in favor of the plaintiff in attachment, the property is illegally brought to sale by the levying officer and is purchased by the plaintiff, affords no reason for holding that he is thereby estopped from prosecuting his suit, on the theory that, by becoming the purchaser at the illegal sale, he elected to rescind the contract between himself and his vendee.

Submitted February 24,—Decided March 28, 1906.

Complaint. Before Judge Burch. City court of Dublin. June 29, 1905.

*J. S. Adams,* for plaintiff in error.

EVANS, J. The plaintiff sued out an attachment for the purchase-money of a certain horse, returnable to the city court of Dublin. At the appearance term he filed his declaration in attachment, praying a judgment for the purchase-money claimed to be due. Amongst other things, the defendant pleaded, that he purchased the horse from the plaintiff under a contract of conditional sale, whereby the title was reserved to the plaintiff until the purchase-money was paid; that the plaintiff caused his attachment for the purchase-money to be levied upon the horse without first filing and having recorded in the clerk's office a bill of sale of the property to the defendant; that the horse was sold under this attachment and was purchased by the plaintiff, and that the effect of thus bringing the horse to sale and purchasing it was to rescind the

contract, and the plaintiff was not entitled to maintain his suit for the purchase-money. On motion of the plaintiff, the court struck this plea of the defendant; the case was heard on its merits, and the plaintiff obtained judgment for the amount claimed by him.

The special plea which was stricken did not set up any valid defense. It was not necessary or proper, before the horse was seized under the attachment, to file and have recorded in the clerk's office a bill of sale to the defendant; only after judgment in favor of the plaintiff would this be necessary or proper, in order that title to the horse should be vested in the defendant for the purposes of sale under the judgment against him. *Cade* v. *Jenkins, 88 Ga.* 791, 797. If the sale of the horse was premature or was for any other reason invalid, it is to be treated as a mere nullity. The plaintiff would not, by becoming the purchaser at a void sale under the attachment, estop himself from proceeding with his suit to collect the contract price of the animal. What he did is not to be construed as an election on his part to rescind the contract by retaking the horse from the defendant. Quite the contrary inference is to be indulged. The plaintiff has consistently adhered to his election to proceed against the defendant by way of attachment. That the plaintiff may have been instrumental in bringing about a void sale under the attachment indicates, not a purpose to abandon this remedy, but rather that he has undertaken to pursue it with perhaps more than necessary vigor. He gains nothing by such a sale, nor does it affect the rights of the defendant, who, if entitled to be restored to the possession of the horse, could call upon either the plaintiff or the officer who sold it for its delivery. Clearly, the fact that the plaintiff became the purchaser at the sale did not afford a basis for the contention of the defendant that the contract between himself and the plaintiff was rescinded by the voluntary act of the latter.          *Judgment affirmed. All the Justices concur.*