## 1191. MITCHELL v. CASTLEN.

The seller of personal property may retain the title as security for any unpaid portion of the purchase-price, and may in the same instrument. also contract that he shall have a mortgage lien upon the property, and that if the debt is not paid he shall have the election of proceeding by mortgage foreclosure or trover. However, if he proceeds by mortgage foreclosure against the property, he can not thereafter maintain trover for any portion of it which the officer failed to seize under the levy upon the foreclosure.

Trover, from city court of Forsyth—Judge Clark. May 2, 1908.

Argued July 15,—Decided November 10, 1908.

The plaintiff sold to the defendant two mules and took from him an instrument which, so far as is material to the case, is as follows: "By October 1, 1906, . . I promise to pay Robert. Mitchell, or order, $195. . . This note . . being for the purchase-money for [described mules]. Title to above-described. property to remain in Robert Mitchell till this note is paid in full. And Robert Mitchell reserves, and I grant him, the right to collect this note by foreclosure of mortgage or action of trover. The

death, loss, or injury of said property shall not invalidate the obligation. Now to better secure the payment of said note I hereby mortgage to said Robert Mitchell the above-described property." In November, 1906, this instrument was foreclosed as a mortgage, and one of the mules was sold thereunder. The sheriff returned that the other mule could not be found. Thereafter the plaintiff instituted bail-trover for the mule not found. The court directed a verdict for the defendant, on the ground that, having elected to proceed by mortgage foreclosure, the plaintiff estopped himself from proceeding by trover, the two remedies being inconsistent.

*Persons & Persons,* for plaintiff.

*Cabaniss & Willingham,* for defendant.

POWELL, J. We recognize that persons financially weak could ofttimes buy property on credit more easily if sellers were always afforded a safe, speedy, and inexpensive remedy by which they could be sure that they would either get back the property or be paid for it. We see the expediency of allowing the seller of personal property to contract that he shall hold a lien thereon as well as the title thereto, and that he shall have the choice of employing either or both of the remedies of mortgage foreclosure and trover. Therefore we have considered the question carefully, to see if we could not find some way of sustaining the present action. We can not do it without overturning time-honored and well-established principles; and we are unwilling to pose as iconoclasts, even for the sake of so good a cause.

We are sure that it was competent for the parties to agree that the payee might have an election of remedies; and this right of election the courts will recognize. The plaintiff was to retain the title to the mules until they were fully paid for. Upon default of payment of any part of the price, he had the right to bring trover and recover the property with its reasonable hire, subject to the defendant's right to set off any sums he may have paid on the debt. *Hays* v. *Jordan,* 85 *Ga.* 742 (11 S. E. 833, 9 L. R. A. 373). However, the suit in trover would have rescinded the sale and have so far destroyed the obligation to pay that no action could thereafter be maintained on the note as an evidence of indebtedness, or upon the mortgage. *Glisson* v. *Heggie,* 105 *Ga.* 30 (31 S. E. 118). On the other hand, the plaintiff might

have sued his note to judgment without impairing his right there-after to maintain trover; for it was agreed that he was to retain the title as security for the debt until it was paid, and judgment is not payment but merely means of enforcing payment. Civil Code, §§ 5432-4; *Hines* v. *Rutherford*, 67 *Ga.* 607 (4); *Dykes* v. *McVay*, 67 *Ga* 502 (4); *Bowen* v. *Frick Co.*, 75 *Ga.* 786; *Jones* v. *Snider*, 99 *Ga.* 276 (25 S. E. 668); Canadian Typograph Co. *v.* Macgurn, 119 Mich. 533 (78 N. W. 542). If he had taken a mortgage on additional property, he might have foreclosed that mortgage without prejudicing his right to assert by trover or otherwise the title he retained as further security. But when he proceeded to fore-close the mortgage not merely against the defendant's equity under the conditional contract of purchase, but against the whole inter-est in and title to the property, the necessary legal effect of his action was to declare the title to be in the defendant and to waive the retention of it. A party can not maintain inconsistent reme-dies. An election once made, though unwisely made, is irrevocable. 15 Cyc. 257 (a); 15 Cyc. 262 (vii); *Rowe* v. *Weichselbaum Co.*, 3 *Ga. App.* 504 (60 S. E. 275); *McLendon* v. *Finch*, 2 *Ga. App.* 421 (58 S. E. 690). The plaintiff may still sue his note to common-law judgment for the sum remaining due upon it after crediting the proceeds of the mortgage foreclosure. Cf. *Hughes* v. *Mt. Vernon Bank*, 4 *Ga. App.* 23 (60 S. E. 809).

*Judgment affirmed.*