### 1861.  ELLISON & CHEW v. WILSON.

An instrument which appears on its face to be an absolute bill of sale to personal property, but which does not contain a defeasance clause, and which the evidence shows was not accompanied by an actual delivery of the property into the possession of the vendee, will be treated as an equitable mortgage conveying the legal title. The holder of such an instrument, where the equitable title in such property has been extinguished by failure of the maker to pay the debt for which the mortgage was given as security, is entitled to bring an action of trover to recover possession of the property.

Trover; from city court of Millen—Judge Jones.   September 19, 1909.

Submitted June 10,—Decided December 24, 1909.

*Hill & Anderson,* for plaintiffs.

*Dixon & Larsen,* for defendant.

HILL, C. J.  This was a suit in trover by Ellison & Chew against Wilson to recover possession of a horse.   On the trial the plaintiffs introduced the following instrument under which they claimed title to the horse: "State of Georgia, Jenkins County.   Know all men by these presents: That I, Adam Mosely of above State and county, in consideration of the sum of one hundred and seventy-five dollars, advanced and to be advanced to me in provisions and supplies by Ellison & Chew, and to secure any balance on account or note that I may be due to said firm at any time, have bargained, sold, and delivered, and hereby doth bargain, sell and deliver unto the said Ellison & Chew the following described property, to wit: one sorrel horse, one jersey one-horse wagon, seventy-five bushels corn.   To have and to hold the same unto the said Ellison & Chew, their heirs and assigns forever.   And I do hereby warrant the title to said property unto said Ellison & Chew and their heirs against the claim or claims of all persons whomsoever.   In addition to the above bill of sale this day given by me to Ellison & Chew, and in addition to said advances, and for the purpose of better securing the same, I hereby agree and promise to make and deliver to said Ellison & Chew a complete first mortgage on all of my crops of corn, cottonseed, fodder, hay, peas, and all other produce to be grown by me during the present year on my one horse crop in the————— district in said Jenkins county on the W. R. Rabitsch place adjoining lands of Dave Dickey estate, and other lands of W. R. Rabitsch, as soon as said crops shall be up and growing.   And should I fail

to comply with this agreement, or fail to execute and deliver to them such mortgage in such form as they may require at any time, then the said Ellison & Chew shall have the right to refuse to make further advances to me, and the debts secured by this bill of sale shall become due and payable at once, regardless of its date of maturity, and the said Ellison & Chew may at once enforce all their rights under said bill of sale, either by taking possession of the property herein conveyed or by suit.   It is distinctly understood that said Ellison & Chew shall have the right to divide the advancements to be made to me in several portions, allowing me to get only so much each month, and they shall also have the right and privilege to place payments, when made by me, on any claim they may have against me, as in their judgment may seem proper.   In witness whereof I have hereunto signed my name and affixed my seal this 8th day of February, 1908.

Witness:                              his
G. O. Bragg,                    Adam X Mosely.   (L. S.)
W. R. Turner, N. P. J. C."            mark

The foregoing instrument was duly recorded.   It was admitted that the horse in question was not delivered by the vendor into the possession of the vendees at the time of the execution of the instrument, but remained in the possession of the vendor.   It is further admitted that the horse, when the suit was brought, was in the possession of the defendant, who, in some manner not disclosed by the evidence, obtained it from the party who executed the above instrument, after the instrument had been recorded.   At the conclusion of the above evidence for the plaintiffs, the court, on motion of the defendant, granted a nonsuit on the ground that the instrument introduced as a bill of sale was a mortgage, as the property described therein, for which the suit was brought, was not actually delivered to the plaintiffs when the instrument was executed, and that they, therefore, did not have title to the property in question, and a suit in trover would not lie.

The instrument in question appears on its face to be a bill of sale; and if it had been accompanied with possession of the property described therein, its character could not have been changed by parol evidence.   Civil Code, of 1895, §2725.   It being admitted, however, that the property described in the instrument remained in the possession of the maker thereof after its execution, the es-

sential ingredient of a bill of sale, to wit, delivery of the property sold into the possession of the vendee, was lacking. Civil Code of 1905, § 3545; *Fleming* v. *State,* 106 *Ga.* 361 (32 S. E. 338). We do not think that the instrument was in form a statutory mortgage; for it does not contain a defeasance clause. Construing the instrument as a whole, in connection with the parol evidence, we are clear that it is an equitable or common-law mortgage, passing title in the property to the mortgagee as security for the debt,—in other words, that the legal title under this instrument passed by it to the mortgagee, while the equitable title remained in the mortgagor, the legal title to be defeated by the payment of the debt for which the equitable mortgage was given as security. In the case of *Denton* v. *Shields,* 120 *Ga.* 1078 (48 S. E. 423), the Supreme Court holds as follows: "A writing in the form of an absolute bill of sale, but in fact intended only as security for a debt, conveys title, but is treated as an equitable mortgage." See also *Pitts* v. *Maier,* 115 *Ga.* 285 (41 S. E. 570). It follows, therefore, that the plaintiffs were the holders of the legal title to the horse in question; and as it was admitted that the debt for which the equitable mortgage was given as security had not been paid, they had the right to recover the horse from the possession of the defendant, who had obtained it after the execution of the equitable mortgage; and the form of action adopted was an appropriate statutory remedy for the purpose; and therefore the court erred in granting a nonsuit. Civil Code of 1895, § 3885; *Groover* v. *Iler,* 1 *Ga. App.* 77 (57 S. E. 906); *Rowe* v. *Weichselbaum Co.,* 3 *Ga. App.* 504 (60 S. E. 275).

*Judgment reversed.*