### 6719.  WESLEY et al. v. BATTLE BROTHERS.

BROYLES, J.  1.  Where personal property is delivered to a vendee under a contract of conditional sale, the vendor retaining title thereto, it may be seized under an attachment for the purchase-price thereof, without first executing to the buyer a bill of sale to the property.  The fact that the vendor, before he has obtained final judgment.in his attachment suit, has the property illegally sold by a levying officer, and bids it in himself, does not amount to an election on his part to rescind the contract between himself and his vendee, and does not estop him from prosecuting his suit.  Such a sale is void, because premature, and is to be treated as a mere nullity.  The vendor gains nothing by it, and the rights of the vendee are not affected, because the vendee, if entitled to be restored to the ‘possession of the property, could call upon either the vendor or the officer who sold it for its delivery.  *Cooper v. Smith*, 125 *Ga.* 167 (53 S. E. 1013).

2. Under the foregoing ruling, paragraphs 4, 5, 6, and 7 of the defendant's answer did not set up any valid defense, and were properly stricken by the court.

3. The only meritorious assignment of error is the one which complains that the verdict was not authorized by the evidence.  The sale of the property being void and a mere nullity, that part of the verdict finding for the plaintiff a special lien against the funds realized from the sale was erroneous.  It is therefore directed that the court remold its judgment accordingly.            *Judgment affirmed, with direction.*
                        DECIDED MARCH 27, 1916.

Attachment; from city court of Albany—Judge Clayton Jones. May 31, 1915.

*R. J. Bacon, R. H. Ferrill,* for plaintiffs in error.
*Peacock & Gardner,* contra.