### 7359.  BOSEMAN et al. v. CARTER.

1. Where a contract of conditional sale, in which title to the property sold was reserved in the vendor until payment of the purchase-money, was embraced in the same instrument with a mortgage on other property to secure the payment of the debt, the institution of a bail-trover proceeding by the vendor to recover the property included in the conditional sale did not preclude him from foreclosing the mortgage.

2. The evidence authorized the finding in favor of the plaintiff.

DECIDED SEPTEMBER 21, 1916.  REHEARING DENIED SEPTEMBER 29, 1916.

Foreclosure of mortgage; from city court of Thomasville— Judge W. H. Hammond.  February 5, 1916.

*Titus, Dekle & Hopkins,* for plaintiffs in error, cited: *Glisson v. Heggie,* 105 *Ga.* 30; *Purdy* v. *Dunn Machinery Co.,* 142 *Ga.* 308; *Haber-Blum-Bloch Co.* v. *Friesleben,* 5 *Ga. App.* 123; *Board of Education* v. *Day,* 128 *Ga.* 156 (6), 164-9; *Mitchell* v. *Castlen,* 5 *Ga. App.* 134; *Kennedy* v. *Manry,* 6 *Ga. App.* 817; *Rhodes Furniture Co.* v. *Jenkins,* 2 *Ga. App.* 475.

*Merrill & Grantham,* contra, cited: *Cooper* v. *Smith,* 125 *Ga.* 167-8; Civil Code (1910), § 4331, and cases cited supra.

HODGES, J.  Carter sold the Bosemans a mule and a horse, reserving title in himself to the property, and, as additional security, took a mortgage upon a mule owned by the Bosemans.  The bill of sale reserving title and the mortgage were in one instrument. Before the maturity of the debt the mule covered by the bill of sale was returned to Carter by the Bosemans, who claimed that the mule was worthless, and Carter let them have a horse to try in place of the mule.  This horse also was returned by the Bosemans to Carter, and they refused to retake the mule covered by the bill of sale, and left it with Carter, who foreclosed a liveryman's lien upon it, and it was sold under a quick order of sale, of which the Bosemans had the required notice.  At the sale Carter bought the mule for $20.  This lien was foreclosed prior to the maturity of the debt involved in the case.  The Bosemans now contend that the levy made on the foreclosure of this lien was by an unauthorized officer, and that the proceedings are null and void. When the debt matured Carter proceeded to institute bail-trover proceedings for the property covered by the conditional bill of sale, and, simultaneously with this action, foreclosed the mortgage upon the Boseman mule.   The bail-trover suit was served personally, and the Bosemans disclaimed title to the horse.  The sheriff being in

possession of the horse, and the mortgage fi. fa. being levied, Carter dismissed the trover suit and instructed the sheriff to return the horse to the defendants. They refused to take the horse, and the sheriff turned the property over to Carter as custodian. To the levy of the mortgage fi. fa. the defendants interposed an affidavit of illegality, setting out that the mortgage was void and without consideration, because the mule covered by the conditional bill of sale was tendered by them to Carter and accepted by him, and that Carter rescinded the contract by instituting trover for the horse covered by the bill of sale. The judge tried the case without a jury and found in favor of Carter. The Bosemans filed a motion for a new trial, which was denied, and they excepted.

It was insisted on the part of the defendants that the plaintiff rescinded the contract of sale, by purchasing, at the sale under the liveryman's lien, the mule which the defendants contended was worthless, and which they contend he agreed to accept. The contention that he agreed to accept this mule was denied by Carter, and the court resolved the issue of fact in his favor. Conceding that Carter agreed to take back the mule, it is admitted that he gave the defendants a horse to try instead. At best it would appear that if any agreement was made, it applied only to this mule, and not to the remainder of the property. There was no rescission of the contract on the part of Carter, according to the finding of the presiding judge; and, the finding being based upon evidence, this court will not disturb it. If the levy made on the foreclosure of the liveryman's lien was by an unauthorized officer, it should be treated as a mere nullity. In the case of *Cooper* v. *Smith,* 125 *Ga.* 167 (53 S. E. 1013), it was held, that "Where property is delivered to the buyer under a contract of conditional sale, the vendor retaining title thereto, the same may be seized under an attachment sued out for the purchase-price, without first filing and having recorded a bill of sale of the property to the buyer; and the bare fact that, before the rendition of judgment in favor of the plaintiff in attachment, the property is illegally brought to sale by the levying officer and is purchased by the plaintiff, affords no reason for holding that he is thereby estopped from prosecuting his suit, on the theory that by becoming the purchaser at the illegal sale, he elected to rescind the contract between himself and his vendee." See also *Wesley* v. *Battle,* 17 *Ga. App.* 755 (88 S. E. 415).

The instrument executed by the defendants conferred upon the plaintiff, on the maturity of his debt, the right to sue at law upon the written evidence of indebtedness; or he could bring trover and foreclose his mortgage, or he could bring trover or foreclose his mortgage, either the one or the other. He chose to bring trover and foreclose the mortgage at the same time, and the fact that he undertook to exercise this right did not effect a rescission. In the case of *Mitchell* v. *Castlen*, 5 *Ga. App.* 134 (62 S. E. 731), it was said that "if [the vendor] had taken a mortgage on additional property, he might have foreclosed that mortgage without prejudicing his right to assert by trover or otherwise the title he retained as further security." *Mitchell* v. *Castlen*, 5 *Ga. App.* 134 (62 S. E. 731). In this case the plaintiff took a mortgage on additional property for his protection, and the defendants made the contract giving him the right to bring trover for his own property and at the same time foreclose a mortgage upon their property. Parties make their contracts, and it is the duty of the courts to construe them legally regardless of any real or apparent hardship imposed by such legal construction.

The evidence authorized the verdict.        *Judgment affirmed.*

ON MOTION FOR REHEARING.

Anything in the decision in the case of *Rhodes Furniture Co.* v. *Jenkins*, 2 *Ga. App.* 475, apparently in conflict with the ruling in this case is, on review, expressly overruled.