### 7406.　GARNETT-CARTER COMPANY *v.* McLENDON.

1. Where personal property levied on has not been replevied and remains in the hands of the levying officer, and there is expense attending its keeping, a sale of the property may be ordered under section 6068 of the Civil Code (1910), although the property be not of a perishable nature or liable to deteriorate from keeping.
2. There was a legal waiver of the two days' notice provided for in section 6068, supra, as to intention to apply for the order of sale.
3. The sale of the entire stock of goods of the defendant, under the levy, was not void under the law as to sales of stocks of goods in bulk (Civil Code of 1910, § 3226 et seq.).

DECIDED OCTOBER 18, 1916.

Levy and claim; from city court of Washington—Judge Wynne. March 13, 1916.

*I. T. Irvin Jr.,* for plaintiff.　*Colley & Colley,* contra.

BROYLES, J.　A fi. fa. in favor of Garnett-Carter Company against J. F. Bentley was levied on a cash register in the possession of McLendon, who claimed the property. The judge of the city court, who tried the claim case without the intervention of a jury, rendered judgment in favor of the claimant; and the plaintiff in fi. fa. excepted. On the trial it appeared that the cash register, along with the stock of goods and other store fixtures of Bentley, had been sold under an order of the court, on a petition of Julia B. Hogan, under sections 6068 and 6069 of the Civil Code, which relate to the sale of perishable property, and at that sale the cash register was bought by J. S. Crouch, who in turn sold it to McLendon, the claimant. The stock of goods had been levied on under a fi. fa. in favor of Julia B. Hogan and under a distress warrant in favor of Crouch, by direction of the defendant and Crouch, in a writing signed by them, in which it was stated that there were other liens against the property, and that it would ruin the stock to be divided and sold in parcels, and it would bring more money to pay creditors if sold in bulk. It does not appear that Bentley was given two days' notice of the applicant's intention to

apply for the order of sale, as is required by section 6069 of the Civil Code; but it appears that on the date on which the order was granted, he signed an acknowledgment of "service of notice" of the petition, and waived "all other and further notice" and "time of notice." It does not appear that at the date of the sale the Garnett-Carter Company was a creditor of Bentley, as the sale occurred on October 11, 1915, and the judgment of that company against him was not obtained until December 6, 1915; and, so far as the record shows, this judgment may have been based upon a debt assigned to it of a more recent date than the sale; in any event, at the time of the sale the plaintiff had no lien upon the property.

It is insisted by counsel for the plaintiff that the sale of the cash register was void, for the reason that it was not perishable property, or property liable to deteriorate from keeping; and *Jolley v. Hardeman,* 111 *Ga.* 749 (36 S. E. 952), is cited as authority to sustain this contention. We agree with counsel that a cash register is not perishable property, or property liable to deteriorate, within the meaning of the statute. Section 6068 of the Civil Code provides, however, that a "quick" sale of personal property may be ordered by the judge whenever the property is "of a perishable nature, or is liable to deteriorate from keeping, *or there is expense attending the keeping of the same."* The petition for the sale in this case set forth that the property was of a perishable nature, was liable to deteriorate from keeping, *and that there was expense attending the keeping of the same.* The ruling in *Jolley* v. *Hardeman,* supra, does not affect this case, for in that case the Supreme Court said: "We are not now concerned with the question as to what property falls within the third class dealt with in the code section above referred to, viz., that the keeping of which is attended with expense; for there is no contention in the present case that the property sold belonged to that class;" while in this case that contention is clearly made and insisted upon, and, we think, correctly so. Nor, in our opinion, was the sale void under the bulk-sale law. That law, being in derogation of the common law, is to be construed strictly. *Taylor* v. *Folds, 2 Ga. App.* 453 (58 S. E. 683). We think the sale of the property, under the defendant's express waiver of the two days' notice required, was legal, and that the claimant was entitled to the same.

*Judgment affirmed.*