### 8362.   KIRKLAND *et al. v.* GASKINS, PAULK & COMPANY.

BROXLES, P. J.   1. Whenever a speedy sale of personal property is made under the provisions of sections 6068 and 6069 of the Civil Code of 1910, it must affirmatively appear that two days' notice of the applicant's intention to apply for an order of sale was duly given, unless the case falls within one of the exceptions specified in that section. *Simmons* v. *Cooledge,* 95 *Ga.* 50 (2) (21 S. E. 1001). This case did not fall within any of the exceptions so specified; and it not affirmatively appearing that the two days' notice was given, the sale was void, and no valid title was obtained by the purchasers thereat.

2. The fact that the payees of the mortgage-note sued upon were the purchasers of the property at the void-sale did not amount to a rescission of the contract between them and the makers of the note, and did not estop them from bringing suit upon the note. The sale was void and a mere nullity; the purchasers gained nothing by it, and the rights of the mortgagors were not affected; for the latter, if entitled to be restored to the possession of the property, could call upon either the purchasers or the officers who sold it, for its delivery. *Wesley* v. *Battle,* 17 *Ga. App.* 755 (88 S. E. 415); *Cooper* v. *Smith,* 125 *Ga.* 167 (53 S. E. 1013).

(*a*) Although this was a void judicial sale under a mortgage foreclosure, the status or rights of the parties (the purchasers at the sale and the mortgagors) were not affected by the provisions of section 6076 of the Civil Code of 1910, which provides that "a purchaser at a void or irregular judicial sale under foreclosure of a mortgage succeeds to all of the interests of the mortgagee," since the purchasers at the sale in this case were the mortgagees in the mortgage which was foreclosed.

3. The judge, exercising by consent the functions of both judge and jury, did not err in rendering judgment for the plaintiff for the full amount sued for, or in thereafter overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JUNE 14, 1917.

Complaint; from Irwin superior court—Judge George. December 16, 1916.

*Quincey & Rice, Homer Oxford,* for plaintiffs in error.

*Melvin Meeks,* contra.