### 10453.  MARSHALL *v.* ARMOUR FERTILIZER WORKS.

JENKINS, P. J.  1. "Whenever any officer of this State shall have taken possession of any property under process in any case of trover, and neither the plaintiff nor defendant shall replevy such property, and such property remains in the hands of such officer, and is of a perishable nature or liable to deterioration from keeping, or there is expense attending the keeping of the same, the same may be sold under the provisions of section 6068 of the code."  Civil Code (1910), § 5153; *Glisson* v. *Heggie,* 105 *Ga.* 30 (31 S. E. 118) ; *Our Bank* v. *Corry,* 145 *Ga.* 385 (89 S. E. 365) ; *Phillips* v. *Taber,* 83 *Ga.* 565 (10 S. E. 270). Under the provisions of section 6069 of the code, if the property be live stock, it may be sold as therein provided after three-days notice. Where a sale is advertised on December 25 to take place on December 27, there is a failure to comply with the legal requirement governing the sale; since where a number of days is prescribed for the exercise of any privilege or the discharge of any duty, only the first or last day shall be counted.  Political Code (1910), § 4, par. 8; *English* v. *Ozburn,* 59 *Ga.* 392; *Rusk* v. *Hill,* 117 *Ga.* 722, 726 (45 S. E. 42).

While it is true that a purchaser of property at a void sale acquires no title thereto (*Kirkland* v. *Gaskins,* 20 *Ga. App.* 235, 92 S. E. 965; *Bacon* v. *Hanesley,* 22 *Ga. App.* 704, 97 S. E. 101), the mere fact that the sheriff had not advertised a sale of personal property had under the provisions of sections 5153, 6068, and 6069 of the Civil Code (1910), for the full three days as therein provided, would not of itself render the sale void.  The purchaser at a sheriff's sale depends upon the "judgment, the levy, and the deed," all other questions being between parties to the judgment and the officer; it being sufficient for the purchaser that the sheriff had obtained authority to sell and had executed to him a title.  The provisions of law governing the advertisement of the property for a particular time or in a particular way are merely directory to the sheriff, and any such neglect on his part may subject him to a suit for damages at the instance of the party injured, but does not affect the title of the purchaser unless there was actual fault on the purchaser's part, such as collusion between him and the sheriff.  *Brooks* v. *Rooney,* 11 *Ga.* 423 (56 Am. D. 430) ; Civil Code (1910), § 6059; *Hendrick* v. *Davis,* 27 *Ga.* 167 (73 Am. D. 726) ; *Solomon* v. *Peters,* 37 *Ga.* 251, 256 (92 Am. D. 69) ; *Wallace* v. *Trustees,* 52 *Ga.* 165, 166; *Jeffries* v. *Bartlett,* 75 *Ga.* 230; *Conley* v. *Redwine,* 109 *Ga.* 640, 644 (35 S. E. 92, 77 Am. St. R. 398).  Even the fact that the purchaser was put upon notice that such a merely directory duty of the officer had not been complied with would not, in the absence of fraud or collusion on the part of the purchaser, render the sale void and thus impair the title so acquired.  *Johnson* v. *Reese,* 28 *Ga.* 353, 355 (73 Am. D. 757).

3. It being undisputed that the plaintiff in this case had authorized the sheriff to notify the defendant of the plaintiff's intention to apply for leave to sell, this was equivalent to a permission for the sheriff to proceed in the plaintiff's name in obtaining such an order, and it therefore becomes unnecessary in this case to decide whether in such

a proceeding the sheriff would ordinarily have the right to proceed in the name of the plaintiff rather than in his own.

4. Under the rulings made in the two preceding paragraphs, the court erred in directing a verdict for the plaintiff.

5. The court did not err, however, in refusing to allow the defendant's claim for damages by way of recoupment, whereby the defendant sought to recover for alleged malicious use of the present legal process. There are three essential elements which must appear before one can recover for malicious use of legal process:  (1) malice; (2) want of probable cause; and (3) that the proceeding complained of had terminated in favor of the defendant therein before suit for damages based upon it was brought.  Thus, where a plaintiff had instituted a bail-trover action against a defendant, the defendant could not in the same case, by way of recoupment, recover damages for such alleged malicious use of the legal process, since the proceeding complained of had not terminated in the defendant's favor. *Fender* v. *Ramsey*, 131 *Ga.* 440 (62 S. E. 527).  In point of fact, the record as now presented precludes the possibility of even a future recovery on such a ground. since the judgment in favor of the plaintiff in the trover proceeding, even though erroneous, is nevertheless sufficient to establish conclusively the existence of such a probable cause as prevents the maintenance of such an action.  *Short* v. *Spragins*, 104 *Ga.* 628 (30 S. E. 810); *McElreath* v. *Gross*, 23 *Ga. App.* 287 (98 S. E. 190).

*Judgment reversed.    Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 6, 1919.

Trover; from Taylor superior court—Judge Howard.  February 10, 1919.

Armour Fertilizer Works instituted a bail-trover proceeding against Marshall to recover certain mules.  The defendant answered that he bought the mules at a sheriff's sale made by virtue of a previous bail-trover proceeding instituted by the same plaintiff against D. A. Youngblood.  He sought to recoup damages against the plaintiff for malicious use of the present legal process, alleging that the proceeding was instituted and prosecuted maliciously and without probable cause, and that the plaintiff was a non-resident corporation.  From the evidence on the trial it appeared that D. A. Youngblood owed the Armour Fertilizer Works $383 on a promissory note payable October 1, 1916, secured by his bill of sale of these mules to the fertilizer works, that he failed to pay the note when due, and the fertilizer works instituted a bail-trover proceeding against him, and the sheriff seized the property described in the bill of sale; that neither the fertilizer works nor Youngblood replevied the property, and, the judge of the superior court being absent from the county, the sheriff, after proper notice, applied to the ordinary in the name of the Armour Fertilizer

Works, for leave to sell the property under the provisions of the Civil Code (1910), § 5153, as being perishable and expensive to keep; that on December 25, 1916, the ordinary granted an order directing the sheriff to sell the property, and the sheriff advertised it to be sold on December 27, 1916, and on that day sold it; that an attorney for the Armour Fertilizer Works appeared at the sale and interposed objections, stating to the sheriff and to the public, including Marshall, that the property was being sold illegally because it had not been properly advertised; that the sheriff proceeded with the sale, and C. B. Marshall, the defendant in the present proceeding, bought the mules, paying for them $235.70. The Armour Fertilizer Works then instituted this proceeding, claiming title to the property under the bill of sale executed by Youngblood, and contending that the sheriff's sale was void because not properly advertised, and that Marshall, having bought the property with notice of this fact, acquired no title. After hearing the evidence the court directed a verdict against the plea of recoupment, and then directed a verdict in favor of the plaintiff in the trover suit. The defendant's motion for a new trial was overruled and he excepted.

*Jere M. Moore, C. B. Marshall,* for plaintiff in error.