11406.   AVERA LOAN AND INVESTMENT COMPANY *v.* YOPP.

SMITH, J.   1. Where an instrument appears on its face to be an absolute bill of sale to personalty, but does not contain a defeasance clause, and (as the agreed statement of facts shows) was not accompanied by an actual or constructive delivery of the property into the possession of the vendee, extrinsic evidence is admissible to show that what appears to be a bill of sale was intended only as a security for debt. *Denton* v. *Shields,* 120 *Ga.* 1078 (48 S. E. 423) ; *Pitts* v. *Maier,* 115 *Ga.* 285 (41 S. E. 570) ; *Ellison* v. *Wilson,* 7 *Ga. App.* 214 (66 S. E. 631).

2. The instrument being an equitable mortgage, it was error for the court to dismiss the plaintiff's affidavit to foreclose the same on the ground that he was proceding illegally.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 5, 1920.

Foreclosure; from city court of Dublin — Judge Flynt.   February 23, 1920.

The Avera Loan and Investment Company filed in the city court an affidavit to foreclose as a mortgage an instrument in the form of a promissory note for $398 principal, with a clause as follows: "I hereby grant, bargain, sell, alien, and convey unto the said" payee "the following described property," describing certain personal. property.    It was attested by a notary public.    The plaintiff's bill of exceptions states that "defendant moved orally to dismiss said proceeding, on the ground that plaintiff was proceeding illegally, contending that said instrument is not a mortgage, but a bill of sale.  .  .  Plaintiff asked leave of the court to submit oral testimony to prove the nature and intent of the instrument in question, on the ground that said instrument is ambiguous. If witnesses had been permitted to testify as to the nature and intent of this instrument, they would have testified as follows: that it was the intent of the parties to create a mortgage lien on the property specified in the instrument; that the creation of a bill of sale and the transfer of the legal title to the property was not within the intent or anticipation of the parties; that it was the purpose of the parties to execute a mortgage and that the instrument so executed should operate as a mortgage; that the mortgagee has never been in the actual or constructive possession of the property, and that it was never the intention of the parties that the property should ever be delivered into the possession of the mortgagee. Upon the objection of the defendant, the court refused to allow oral testimony to be submitted.  .  .  The motion to dismiss plaintiff's proceeding was heard on the following agreed statement of facts: that the property has remained in the possession of the defendant and has at no time been in the actual or constructive possession of plaintiff."    The motion to dismiss the proceeding was sustained, and the plaintiff excepted, assigning error upon each of the rulings stated.

*J. S. Adams, C. C. Youmans,* for plaintiff, cited: (1) 130 *Ga.* 271; 7 *Ga. App.* 214; 106 *Ga.* 361; 120 *Ga.* 1078 (2) ; 18 *Ga. App.* 48; 144 *Ga.* 354, 355, 356.

*S. W. Sturgis,* for defendant, cited:   Civil Code (1910), § 3298; 115 *Ga.* 285; 114 *Ga.* 270; 120 *Ga.* and 7 *Ga. App.,* supra.