## 11484, 11485. McCRIMMON *v.* NATIONAL BANK OF SAVANNAH; and *vice versa.*

The court correctly construed as a deed the instrument on which the claimant based his claim.

The court did not err in refusing to admit in evidence the instrument offered by the plaintiff for the purpose of attacking the title of the claimant's grantor, under whom the plaintiff also claimed.

DECIDED NOVEMBER 11, 1920.

Levy and claim; from Treutlen superior court—Judge Graham. February 18, 1920.

In the year 1918 and for some time prior thereto, the Durden Lumber & Timber Company operated a saw and shingle mill near the town of Soperton. McCrimmon, a supply merchant, in that year furnished supplies which were used in the operation of these mills to the amount of $338.94. The debt was not paid, and McCrimmon foreclosed his lien, provided for by section 3358 of the Civil Code (1910), and the execution was levied upon 19,600 shingles, the product of the mills. No defense was filed by Durden Lumber & Timber Company, but the National Bank of Savannah filed a claim to the shingles levied on, and the issue in the court below was whether the property levied on was subject to McCrimmon's lien, as again the claimant. On the trial the plaintiff made out his case against the Durden Lumber & Timber Company, and the claimant introduced in evidence a paper dated and recorded more than a year previous to the date of the plaintiff's lien, the claimant contending that this instrument was a deed passing title to the timber from which the shingles levied on were made, and that consequently the shingles levied on were not, as against it, subject to McCrimmon's lien. The plaintiff insisted that the claimant's paper was not an absolute conveyance, nor such a conveyance as would defeat his lien; and the plaintiff offered as evidence a certain instrument from one Gillis, under which Durden Lumber & Timber Company held title, for the purpose of showing that when that company's paper to the bank was made, the company did not have title, but had only what amounted to an option on the timber from which the shingles were made, and that actual title was acquired after the date of the instrument made by it to the bank. The trial judge held that the conveyance by the Durden Lumber & Timber Company to the National Bank of Savannah operated to put title in the bank, and, being antecedent to, was superior to McCrimmon's lien; and he refused to allow the plaintiff to introduce the Gillis instrument, and directed a verdict for the bank. McCrimmon excepted.

The instrument from the Durden Lumber & Timber Company to the bank and under which the bank claimed title began as follows: "This indenture made this 28th day of February, 1917, between the Durden Lumber & Timber Company, a corporation under the laws of the said State, having its principal office in said county, hereinafter called the borrower, and the National Bank

of Savannah, a corporation under the laws of the United States, having its principal place of business in said county, hereinafter called the lender. Whereas this deed is given to secure the payment of an indebtedness from the borrower to the lender, and conveys to the lender an absolute title to the property hereinafter described, and is a deed to secure debt under section 6037 of the Code of Georgia of 1910, which indebtedness is now $85,325.07, and this deed is also given to secure all charges and interest thereon and any renewal thereof in whole or in part, and shall secure the payment of any other indebtedness due or not due from borrower to lender which may at any time exist, it being specifically agreed that any indebtedness from borrower to the lender, whether as maker, endorser, surety, guarantor, and in any other way whatever, due or not due, shall be secured hereby, so that this deed shall secure the payment of said indebtedness, however created or evidenced or in whatever way existing." It then conveyed the pine trees and pine timber on 879¾ acres (known as Gillis, or M. B. and N. Gillis timber), and continued: "Together with all the rights, easements, hereditaments, and appurtenances of every sort, kind, and description, and all the covenants, ways, warranties, and rights, conveyed unto the said Frank R. Durden by the said deed from M. B. and N. Gillis, subject to a conveyance thereof to secure debt to the National Bank of Savannah, dated ·October, 1915. . . To have and to hold the said above described property in fee simple. The title of the said land and premises the borrower does hereby warrant to the lender." The deed provided for maturity of the debt in case of default in payment of taxes, and further provided as follows: "When any indebtedness hereby secured becomes due, then the said lender shall have the right, by a writing, to appoint a trustee for the collection of the indebtedness hereby secured, with the powers herein specified, and to remove such trustee at will and appoint a successor or successors, with all the powers herein given to said trustee. After the appointment of said trustee, should he collect the debt hereby secured, he shall be entitled to a commission of five per cent on the amount hereby secured, but if he sell the property he shall be entitled to a commission of ten per cent on the amount hereby secured, but trustee shall not be entitled to collect any attorney's fee." The manner, method and cost of the

sale which might be conducted by such trustee is then provided for.

The paper from Gillis to the Durden Company, offered in evidence by the plaintiff and rejected .by the court, purported on its face to be an absolute and unconditional sale of all the timber involved, and the contention that it amounted to nothing more than an option was based on the fact that it contained certain provisions for a survey and subdivision of the premises, and restricting the right of the Durden Company to remove the timber except from the several subdivisions seriatim, after payment of a stated sum in each case.

*W. J. Wallace,* for plaintiff.    *Edward S. Elliott,* contra.

JENKINS, P. J.   1. An instrument which recites that it is given to secure a debt, and which by its terms purports to convey the absolute and unconditional title to property, will, in the absence of a defeasance clause, be construed as a deed and not as a mortgage, although it confers upon the grantee the right or option, upon default by the debtor, to appoint a trustee with power to sell the property and pay the debt.   A defeasance clause is such a provision as will of itself render the instrument null and void upon the mere payment of the obligation by the debtor and without the interposition of any act on the part of the grantee. *Pitts* v. *Maier,* 115 *Ga.* 281 (41 S. E. 570); *Scott* v. *Hughes,* 124 *Ga.* 1000, 1002 (53 S. E. 453); Powell on Actions for Land, § 387.   Under the ruling made in *Ward* v. *Lord,* 100 *Ga.* 407 (28 S. E. 446), although the form of the conveyance may be absolute, yet if the instrument further provides that the property be held in trust for the payment of the debt, and only so long as the debt remains unpaid, the creation of a trust under such terms operates as a defeasance and converts the instrument into a mortgage — this for the reason that by the terms of the instrument the trust becomes executed upon the payment of the debt.   But where the title to the property is. absolutely and unconditionally passed to the creditor, that is, without any provision that it is to remain in him only so long as the debt remains unpaid, and where the payment of the debt is not made to pass the title, but only affects the right of the trustee to exercise his power to sell, the mere option to appoint such a trustee, or even the actual appointment of such by the instrument itself, would not have the

effect of rendering the instrument defeasible. *Brice* v. *Lane,* 90 *Ga.* 295 (15 S. E. 823); *Ward* v. *Lord,* supra.

2. Irrespective of whether or not the instrument from Gillis to the Durden Lumber & Timber Company amounted within itself to an absolute sale of the timber (see in this connection *Loud* v. *Pritchett,* 104 *Ga.* 648, 30 S. E. 870), the court did not err in refusing to permit the plaintiff to introduce it in evidence for the purpose of showing that the Durden Company, the bank's grantor, had no title at the time the deed was executed. The plaintiff and the bank both being dependent upon the title of the Durden Company, it was not incumbent upon the latter to show title in its grantor. *Florida Pine Co.* v. *Flint River Co.,* 140 *Ga.* 321 (78 S. E. 900); *Moore* v. *Daugherty,* 146 *Ga.* 176 (91 S. E. 14). If, as the plaintiff insists, the title of the Durden Company became good only after its conveyance to the bank, such subsequent acquisition of title would inure first to the benefit of the bank rather than to the plaintiff, since it is undisputed that the deed of the bank is much older than the lien of McCrimmon. *Parker* v. *Jones,* 57 *Ga.* 204 (3).

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Stephens and Smith, JJ., concur.*