19815.   COBB *v.* GROWERS FINANCE CORPORATION.

DECIDED OCTOBER 8, 1929.

*J. S. Adams,* for plaintiff in error.

*A. T. Levie, M. H. Blackshear,* contra.

LUKE, J.   O. D. Cobb gave to Growers Finance Corporation a bill of sale to secure a debt. Default was made in the payment of the debt and Growers Finance Corporation foreclosed the bill of sale as a mortgage and had the execution based on this foreclosure

levied on the property described in the bill of sale. To the levy Cobb filed an affidavit of illegality, and upon the call of the case he tendered an amendment to his affidavit of illegality, which amendment alleged in substance that "the creditor, the plaintiff, elected to forclose said bill of sale conveying title as a mortgage, but in doing so the payee in the bill of sale, nor the alleged holder of said bill of sale, nor did any other person prior to the foreclosure and prior to the levy of the fi. fa. make to the mortgagor or grantor in said bill of sale a bill of sale, nor any other kind or character of instrument conveying back into the mortgagor or grantor in said contract a title to the property therein described and which was subsequently levied upon, for the purpose of levy and sale, and, none having been made back, none was recorded in the clerk's office, . . and the title to the property described in said contract foreclosed as a mortgage was at the time the same was foreclosed and at the time it was levied, and ever since has been, according to the terms of the alleged contract, in plaintiff or in the original grantee, . . and not in the defendant; and consequently, neither in law or equity could it be legally and lawfully levied upon under a final process such as a mortgage fi. fa. is." The court overruled and disallowed this amendment, and to this ruling defendant excepted. The case then went to trial on its merits before the judge without a jury, and judgment was rendered in favor of the plaintiff, Growers Finance Corporation, to which judgment the defendant Cobb excepted.

The evidence authorized the judgment rendered. While the above-stated amendment was disallowed, "it was admitted in open court that prior to the foreclosure nor at any subsequent time had there been any conveyance of title to the property levied upon and described in the bill of sale filed in the clerk's office of Laurens superior court for the purpose of levy and sale;" and the only question for decision presented by the bill of exceptions is whether or not the execution was proceeding illegally for the reason that no deed to Cobb for the purpose of levy and sale had been executed or recorded by the Growers Finance Corporation before the issuance and levy of the execution. That the execution was not proceeding illegally is shown by the headnotes to this decision.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*