23477.   JACKSON *et al. v.* PARKS.

Decided March 31, 1934.

W. V. Custer & Son, for plaintiffs in error.   A. B. Conger, contra.

Sutton, J.  1.  A writing which states that the undersigned promises to pay to the payee on a certain date a certain sum of money, with interest, and attorney's fees if collected by an attorney at law, and recites that it "is given for the purchase-price of the property next hereafter described," to wit a described mule, and which contains no words from which it could be construed that the title to the mule was reserved by the seller until payment of the purchase-money, but which provides that "to further secure the payment of this debt I [we] hereby sell and convey to the said payee and his assigns the above-described property and in addition thereto the following described property," describing certain cotton and peanuts to be grown on the farm of the makers, and which contains no defeasance clause or words which could be construed as having that effect, although it does not contain any obligation on the part of the vendee therein to reconvey the property on payment of the debts evidenced thereby, where the vendee does not have possession of the described property, is a bill of sale to the personalty therein described, to secure the payment of the indebtedness therein specified.  *Brice v. Lane,* 90 *Ga.* 294 (15 S. E. 823); *Walker v. Bank of Quitman,* 100 *Ga.* 88 (26 S. E. 84); *Ellison v. Watson,* 7 *Ga. App.* 214 (66 S. E. 631); *Tremere v. Barfield,* 12 *Ga. App.* 774 (78 S. E. 729); *Owens v. Bridges,* 13 *Ga. App.* 419

(79 S. E. 225) ; *Hill* v. *Marshall,* 18 *Ga. App.* 652 (90 S. E. 175) ; *Avera Loan & Investment Co.* v. *Yopp,* 25 *Ga. App.* 279 (103 S. E. 42) ; *McCrimmon* v. *National Bank,* 25 *Ga. App.* 825, 828 (105 S. E. 44) ; *Walls* v. *Wight Investment Co.,* 25 *Ga. App.* 291 (103 S. E. 184) ; *Worsham* v. *Penn,* 32 *Ga. App.* 189 (122 S. E. 817) ; *Tarver* v. *Beneficial Loan Society,* 39 *Ga. App.* 647 (148 S. E. 288) ; *Grady* v. *Harris,* 41 *Ga. App.* 111 (151 S. E. 829). The cases of *Frost* v. *Allen,* 57 *Ga.* 326 and *Pirkle* v. *Equitable Mortgage Co.,* 99 *Ga.* 524 (28 S. E. 34), so far as they hold to the contrary of what is ruled above, were expressly overruled by *Pitts* v. *Maier,* 115 *Ga.* 281 (41 S. E. 570). The decision in *Frost* v. *Allen* was followed in *Holliday* v. *Banking Co.,* 92 *Ga.* 675 (19 S. E. 28). Furthermore, in the latter case and in other cases of similar import there were defeasance clauses or words which could be properly construed as such. See *Ward* v. *Lord,* 100 *Ga.* 407 (28 S. E. 446) ; *Lubroline Oil Co.* v. *Athens Savings Bank,* 104 *Ga.* 376 (30 S. E. 409) ; *Dewitt* v. *Bozeman,* 17 *Ga. App.* 666 (87 S. E. 1100) ; *Lane* v. *Smart,* 21 *Ga. App.* 292 (94 S. E. 325) ; *Sims* v. *Jones,* 158 *Ga.* 384 (123 S. E. 614). In *Powers* v. *Ga. Fla. Grocery Co.,* 7 *Ga. App.* 592, (67 S. E. 685), the instrument construed to be a mortgage had the word "mortgage" in the granting clause.

2. Since the passage of the act of 1921, amendatory to section 3298 of the Civil Code of 1910 (Ga. L. 1921, p. 114), a bill of sale to personalty to secure a debt may be foreclosed as a chattel mortgage, and it is not necessary that the vendee therein shall convey or reconvey to the vendor the personal property covered by the bill of sale, prior to the foreclosure of the same in the manner in which mortgages are foreclosed. The remedies provided by section 3298 and that provided by section 6037 are distinct and altogether independent of each other. *Macon Savings Bank* v. *Jones Motor Co.,* 168 *Ga.* 805 (149 S. E. 217) ; *Cobb* v. *Growers Finance Cor.,* 40 *Ga. App.* 442 (149 S. E. 920).

3. Whenever a speedy sale of personal property is made under the provisions of sections 6068 and 6069 of the Civil Code of 1910, it must affirmatively appear that two days' notice of the applicant's intention to apply for an order of sale was duly given, unless the case falls within one of the exceptions specified in section 6069. *Simmons* v. *Cooledge,* 95 *Ga.* 50 (2) (21 S. E. 1001) ; *Parker* v. *State,* 166 *Ga.* 256 (142 S. E. 879) ; *Kirkland* v. *Gaskins,* 20 *Ga.*

*App.* 235 (92 S. E. 965). The present case does not fall within any of said exceptions.

(*a*) The instrument involved in this case provided that "Should there be perishable property contained herein or property liable to deteriorate in value from keeping and the same is not replevined, I agree that a short order may be granted and a sale had as allowed by law for perishable property, and to that end, and in order to save expense, I also waive notice of application for same." The property conveyed by the instrument in this case was a mule, which could hardly be classed as perishable property or property liable to deteriorate in value from keeping the same. Such short-order sales are permissible whenever any perishable property, or property liable to deteriorate in value, or property where there is expense in keeping the same, although it is not of a perishable nature, is levied upon. Civil Code (1910), § 6068; *Garnell-Carter Co.* v. *McLendon,* 18 *Ga. App.* 666 (90 S. E. 360). Section 6069 refers to the sale of "live stock, fruit, or other personal property in a perishable condition." Live stock includes a mule, and may be properly classed as property that is expensive to keep, or as "live stock, fruit or other personal property in a perishable condition." *Pickard* v. *Garrett,* 141 *Ga.* 831 (2) (82 S. E. 251). This being so, the waiver in the instrument in this case did not relate to a mule, which was not property of a perishable nature or property liable to deteriorate in value from keeping the same, but was rather live stock, which is expensive in its nature to keep.

(*b*) Without deciding whether the two days' notice can be legally waived, it follows that as the defendant did not waive the two days' notice of the intention of the plaintiff to apply for a quick-order sale of the mule levied on, the sale thereof without the giving of such notice was void. See *Parker* v. *State,* and *Kirkland* v. *Gaskins, supra.*

4. Where the vendee in a bill of sale of personalty to secure debt undertook to collect the debt evidenced thereby by foreclosure of the instrument as a chattel mortgage, and the short-order sale thereunder was not conducted according to the requirements of the statute authorizing the same,—that is, the two days' notice of the intention of the vendee to apply for the same was not duly given,—and the property was purchased at such illegal sale by the vendee for a smaller sum than the secured debt, giving the vendor credit

therefor, such action by the vendee did not constitute a rescission of the executed trade between the parties. The trade was closed as to them upon the sale of the mule to the vendor on credit, and the instrument conveying title to the mule to secure the amount owed the vendee by the vendor, given by the vendor to the vendee, was a separate transaction. The difference between this instrument and a conditional bill of sale is this: The former passes the title to the property conveyed as security for the debt, and the latter, which contains a retention of title as security, leaves the title in the seller until the purchase-money is paid. In the latter the title never leaves the seller. In the former, the title to the property conveyed is not in the seller of the property, after delivery to the purchaser, until execution of the bill of sale by the purchaser to secure the payment of the purchase-money. *Wynn* v. *Tyner,* 139 *Ga.* 765, 769 (78 S. E. 185) ; *Cooper* v. *Smith,* 125 *Ga.* 167 (53 S. E. 1013) ; *Wesley* v. *Battle,* 17 *Ga. App.* 755 (88 S. E. 415) ; *Boseman* v. *Carter,* 18 *Ga. App.* 578 (90 S. E. 101) ; *Bacon* v. *Hanesley,* 19 *Ga. App.* 69 (90 S. E. 1033) ; *Kirkland* v. *Gaskins,* supra. The assertion by the vendee of the remedy provided by section 3298 of the Code as amended, supra, of foreclosure of the bill of sale to secure debt, was such a disaffirmance of the title conveyed by the bill of sale as to waive the assertion of title to the property. *Kennedy* v. *Manry,* 6 *Ga. App.* 816 (2 *a*) (66 S. E. 29). Furthermore, the holding in *Rhodes Furniture Co.* v. *Jenkins,* 2 *Ga. App.* 475 (4) (58 S. E. 897), to the effect that where the vendor of personal property in a conditional bill of sale purchases the same at a void sale thereof, it amounted to a rescission of the sale between the vendor and vendee, was overruled in *Boseman* v. *Carter,* supra. As to what constitutes a rescission of such a sale, see *Snook* v. *Raglan,* 89 *Ga.* 251 (15 S. E. 364) ; *Glisson* v. *Heggie,* 105 *Ga.* 34 (31 S. E. 118) ; *General Motors Acceplance Cor.* v. *Coggins,* 178 *Ga.* 643 (173 S. E. 841) ; *Cornett* v. *Newsome,* 27 *Ga. App.* 340 (108 S. E. 254) ; *Dasher* v. *Williams,* 30 *Ga. App.* 122 (117 S. E. 108) ; *Tifton Chevrolet Co.* v. *Mathis,* 44 *Ga. App.* 839 (163 S. E. 308) ; *Jones* v. *Williams,* 40 *Ga. App.* 819 (151 S. E. 695) ; *Mitchell* v. *Castlen,* 5 *Ga. App.* 134 (62 S. E. 731). Contra, see *Sewell* v. *C. I. T. Cor.,* 43 *Ga. App.* 676 (160 S. E. 99) ; *Dickerson* v. *Universal Credit Co.,* 47 *Ga. App.* 512 (170 S. E. 822) ; *Kinney* v. *Avery,* 14 *Ga. App.* 180 (80 S. E. 663).

There being no rescission, by the fact that the sale of the personalty involved in this case was void, it being bought in at such void sale by the vendee for less than the amount of the secured debt, and the foreclosure of the bill of sale to secure debt, as a chattel mortgage, being inconsistent with claiming title thereto under the bill of sale, the vendee was not precluded from suing the vendor for the balance of the purchase-money due on the mule. The sale being void, the vendee gained nothing by it, nor did it affect the rights of the vendor. The vendor was entitled to have his property restored to him; and the vendee was entitled to payment of the purchase-money therefor. Furthermore, the mortgage fi. fa. not being defective, the vendee could resell the property in the proper manner and thereby obtain the benefit of the mule as security for the debt due by the vendor in that manner. *Wesley* v. *Battle, Bacon* v. *Hanesley,* supra; *White* v. *Dotson,* 41 *Ga. App.* 436 (153 S. E. 233); *Walker* v. *Ayers,* 47 *Ga. App.* 113 (169 S. E. 784). The purchaser at a void sale obtains no title, so the vendee did not obtain title to the mule by its void sale under the chattel mortgage foreclosure proceeding instituted by him to enforce the collection of the debt secured by the bill of sale. *Marshall* v. *Armour Fertilizer Works,* 24 *Ga. App.* 402 (2) (100 S. E. 766).

6. The defendants not having set up or proved any issuable defense to the note sued on, it was not error for the court below to direct a verdict in favor of the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*